UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-24218-CIV

RICARDO MIGUEL NARANJO CAPELLI
And all others similarly situated under
20 U.S.C. 216(b)

        Plaintiff,

Vs.

MIAMI BEACH HOSPITALITY, LLC
D/b/a THE DEAUVILLE BEACH RESORT

        Defendant
_____/

## ANSWER & AFFIRMATIVE DEFENSES BY DEFENDANT

**COME NOW**, Defendant, Miami Beach Hospitality, LLC ("MBH"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure, hereby file its Answer and Affirmative Defenses to Plaintiffs' Complaint and in support thereof, state as follows:

### Answer

1. Admits paragraphs 1, 3, 4, 6, 8, 9, 10, 11 & 12 of the Complaint.

2. Denies paragraphs 5, 7, 13 & 14 of the Complaint

3. Has no knowledge and thus denies paragraph 2 of the Complaint.

### Affirmative Defenses

1. <u>Waiver, Settlement & Release</u>. As its first affirmative defense, Defendant states that Plaintiff has waived any claims that were the product of the payment made to him by Defendant for unpaid wages under the supervision of the Secretary of Labor on January 28, 2014 for $188.50 for unpaid wages covering the workweek from April 23, 2011 through the workweek ending April 27, 2013 which payment the employee accepted pursuant to a court-approved settlement.

As part of the settlement with the Secretary of Labor Plaintiff executed a certification on February 3, 2014 whereby Plaintiff certified that he had actually received payment of $188.50 as wages, liquidated damages and other compensation due to the Plaintiff.

2. Statute of Limitations. Plaintiff's claims under the Complaint which allegedly accrued on or about July 1, 2011 are barred by 29 U.S. Code § 255 - Statute of limitations as there are no facts that extend the two year statute of limitations.

3. Failure to Allege Facts Giving Rise to a Class Action. The Complaint fails to allege any factual basis to support a claim for collective action and instead contains vague and conclusory allegations that are no more than a recitation of the causes of action as described in paragraph 5 of the Complaint. See: Bell Atlantic Corporation v. Twombly, 550 US 544 (2007); Ashcroft v. Iqbal, 556 US 662 (2009).

   a. Plaintiff is not similarly situated to putative collective action individuals to which he purports to represent as the reference in the Complaint at paragraph 5 that "*it is believed that Defendant has employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed over 40 hours weekly from the filing of this complaint back three years.*" states no facts to support a conclusion of collective action.

   b. Plaintiff's allegations in the Complaint fail to meet the requirements of Fed. R. Civ. P. 23 to certify a class.

4. Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2015, the foregoing document was filed with the Clerk of the Court. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

VIA   Email

| | |
|---|---|
| J.H. Zidell, P.A. | JOSE M. CHANFRAU, IV P.A. |
| J.H. Zidell, Esq. | Attorney for Defendant |
| Attorney for Plaintiff | 6701 Collins Avenue |
| 300 71st Street, Suite 605 | Normandy Room |
| Miami Beach, FL 33141 | MB Law Offices |
| T: 305-865-6766 | Miami Beach, FL 33141 |
| F: 305-865-7167 | Tel.: 786.621.5205 |
| ZABOGADO@AOL.COM | Fax:786.621.5652 |
| | jchanfrau@josechanfraupa.com |

By: _____
JOSE M. CHANFRAU, IV
Fla. Bar No. 642088