UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-24218-CIV-TORRES

[CONSENT CASE]

RICARDO MIGUEL NARANJO CAPPELLI and all others similarly situated under 29 U.S.C. 216(b),

Plaintiff,

vs.

MIAMI BEACH HOSPITALITY, LLC d/b/a THE DEAUVILLE BEACH RESORT,

Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Plaintiff, through counsel, pursuant to Fed.R.Civ.P. Rule 56 and SDLR 7.5, and responds to the above Motion filed twice as [DE Nos. 28 and 29] as follows:

## INTRODUCTION

1. This matter sounds under the Fair Labor Standards Act alleging violation of the overtime laws.
2. Defendants move for summary judgment on (2) primary grounds.
3. In the first ground, Defendants' claim that Plaintiff signed a Release with the Department of Labor, which disposes part of the claim period. As indicated by the Release filed as [DE 29-6], such Release identifies the dates of **4/23/2011 through 4/27/13**. Filed with [DE 29-6], is an Earning Statement showing Plaintiff was paid a mere net amount of $188.50, and such Earning Statement

reflects a **Period Ending 1/21/14 and a Pay Date of 1/28/14**. The relevant period in the case at bar, as reflected in Plaintiff's Statement of Claim, is **11/11/12-10/9/15.**

4. Under their second ground, Defendants claim Plaintiff has not met his burden regarding work performed for which he was not compensated and regarding the requisite knowledge. Under this second ground, Defendants raise several alleged related points, which are addressed below.

## MEMORANDUM OF LAW

### *Summary Judgment Standard*

Pursuant to Fed.R.Civ.P. 56, a summary judgment should be granted if, following sufficient discovery, there is no genuine issue of material fact to be decided by a jury; therefore summary judgment is to be granted as a matter of law. *Hoffman v. Allied Corp., et al.*, 912 F.2d 1379, 1383-84 (11th Cir. 1990), *citing*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining if a genuine issue exists, the court must query whether "a reasonable jury could return a verdict for the nonmoving party…." *Hoffman v. Allied Corp., et al.*, 912 F.2d at 1383. *See also, Beal v. Paramount Pictures Corporation*, 20 F.3d 454, 459 (11th Cir. 1994)("Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"); *Silas v. Hillsborough County*, 2006 U.S. Dist. LEXIS 79503, *3-4 (M.D. Fla. 2006)(in FLSA matter court found "[s]ummary judgment is proper if following discovery … there is no genuine issue as to any material fact….").

A. Opposition to the Release.

Defendants claim that Plaintiff signed a Release (a WH-58 form) with the Department of Labor, which disposes of part of the claim period. As indicated by the Release filed as [DE 29-6], such Release identifies the dates of **4/23/2011 through 4/27/13**. Filed with [DE 29-6], is an Earning Statement showing Plaintiff was paid a mere net amount of $188.50, and such Earning Statement reflects a **Period Ending 1/21/14 and a Pay Date of 1/28/14**. The relevant period in the case at bar, as reflected in Plaintiff's Statement of Claim, is **11/11/12-10/9/15.**

As set forth in his Statement of Material Facts, Plaintiff admitted he signed the Release, and also that he had not read the Release. Plaintiff also stated that (with respect to the related Earning Statement where he was paid the $188.50), such indicates a (1) week period 1/21 to 1/28. Plaintiff Deposition P43-44. Plaintiff clarified that he did not read the Release, his English was not good at the time, and he thought the payment was for (1) week only. Plaintiff Deposition P43-44.

As further clarified in his Statement of Material Facts Plaintiff states in his Affidavit that "Regarding the Release I did not understand the Release, and did not read it (as I stated in my deposition). As indicated at my deposition, when I received the check I thought it was for (1) week only. I received the $188.50 payment immediately after I signed the release I did not read. I was given no copy of the Release after I signed."

The *Bratton* case cited by the Defendants states that "[n]o party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it. *All Florida Surety Company v. Coker*, 88 So.2d 508 (Fla.1956)." *Allied Van Lines, Inc. v. Bratton*, 351 So. 2d 344, 348 (Fla. 1977).

However, the "courts appear to be unanimous in holding that a person who, having the capacity and an opportunity to read a contract, is not misled as to its contents and who sustains no confidential relationship to the other party cannot avoid the contract on the ground of mistake if he signs it without reading it, at least in the absence of special circumstances excusing his failure to read it." *All Florida Sur. Co. v. Coke*r, 88 So. 2d 508, 510-11 (Fla. 1956).

As stated, Plaintiff claims that (with respect to the related Earning Statement where he was paid the $188.50), he believed that such reflected a (1) week period 1/21/14 to 1/28/14. Consequently, he was given a paystub which misled him to believe he was being paid for a different period (a mere (1) week). Plaintiff is not solely challenging the release on the ground that he signed it without reading it. See, *All Florida Surety Company v. Coker supra*.

The said facts demonstrate Plaintiff was directed to sign the agreement, immediately accept the payment, and was never given a copy of the release. As indicated by his Statement of Material Facts, in his deposition, Plaintiff stated that when he signed without reading, such was done in front of the owner of the hotel, and "she can be a very intimidating lady." Plaintiff Deposition P45, L15-20. Again, as stated, the Earning Statement shows Plaintiff was paid $188.50 which he thought corresponded to a (1) week period 1/21/14 to 1/28/14, because the Earning Statement (filed by Defendants as [DE 29-6]) reflects such dates. Plaintiff Deposition P43-44. Plaintiff was clearly mistaken under the totality of the circumstances, under which he did not understand that he was settling approximately (2) years' worth of alleged unpaid wages. As indicated by the attached case of *Centeno v. Facilities Consulting Group, Inc.*, 3:14-CV-3696-G, at 11,

(N.D. Tex. 3/31/15), the court needs to determine whether "Form WH-58" release is "meaningful". In further elaborating on such analysis, the court in *Centeno* stated that "[c]onsistent with *Sneed* and *Woods*, the District Court for the Northern District of Illinois stressed that "the relevant inquiry in a FLSA waiver situation is whether the plaintiffs intended to settle their claims . . .. *Victoria v. Alex Car, Inc*., No. 11 C9204, 2012 WL 1068759, at *4 (N.D. Ill. Mar. 29, 2012)."

Defendant has cited only Florida contract case law regarding this issue, although the specific issue at hand has been addressed in this Circuit regarding DOL releases (namely the WH-58 form). In the unpublished case of *Blackwell v. United Drywall Supply*, 362 Fed.Appx. 56 (11th Cir. 2010), the Eleventh Circuit found that, in signing the WH-58 forms and accepting the checks, the plaintiffs waived their rights to seek back wages in the district court. Thus, *Blackwell* rejected the plaintiffs' arguments that they "did not knowingly and intentionally waive their rights to sue." Id. at *1-2.

However, the holding in *Blackwell* did not discuss similar facts that are present in the case at bar, and therefore that case is distinguishable. For example, as stated, not only was Plaintiff's English not good at the time he signed the WH-58 form, he thought the payment was for (1) week only. Plaintiff Deposition P43-44. Thus, aside from the fact that Plaintiff did not read the release or comprehend it, he testified that believed the payment he received concerned only (1) week of work. Furthermore, he was never given a copy of the release, and execution of the release was done in the presence of the owner of the hotel, who Plaintiff found to be a "very intimidating lady." Plaintiff Deposition P45, L15-20. In light of the aforesaid, this Court should at least allow the Jury to determine whether Plaintiff's execution of the "Form WH-58" was "meaningful". *See*,

*Centeno, supra.* The *Blackwell* case is factually distinguishable from the case at bar, the *Blackwell* did not address the specific issue as to whether Plaintiff's signing of the "Form WH-58" release was "meaningful", as addressed by *Centeno, supra. See also, Woods v. RHA/Tennessee Group Homes, Inc., 803 F. Supp. 2d 789, 800 (M.D. Tenn. 2011).* Absent an "informed and meaningful" decision, any agreement is merely "illusory." *Id.*

Consequently, Plaintiff requests the Court deny Defendants' Motion on this point, as there is at least a genuine issue of material fact as to whether Plaintiff intended to settle nearly (2) years worth of wages in light of the aforesaid facts in the instant case. However, should the Court grant relief, the Order should reflect that the Agreement only applies to the period of 4/23/2011 through 4/27/13. Therefore, the remaining part of the relevant period in this case (4/28/13-10/9/25) would still be viable.

B. Plaintiff has Met his Burden regarding Work Performed for which he was not Compensated and Regarding the Requisite Knowledge.

It is the employer's responsibility of keeping records of hours worked by employees under the FLSA. "Where the employer's records of work time are inaccurate [or completely missing] and the employee cannot offer convincing substitutes . . . [] the employee has carried out [his/her] burden if he/she proves that he/she has in fact performed work for which he/she has been improperly compensated and if he/she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the [employee] may then [be] awarded damages

even though the result be only approximate. [emphasis added]." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

The dramatic affect of an employer's failure to maintain adequate records as required with respect to calculation of FLSA damages can be seen in *Reeves v. International Telephone and Telegraph Corporation*, 616 F.2d 1342, 1351 (5th Cir. 1980), *citing, among other cases, Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 687 (1946). Even if the estimations by Plaintiff have been at some point inaccurate, "Inaccurate wage and hour information, however, is not always fatal to a claim for minimum wage or overtime compensation under the Act. Where the inaccuracy is due to the employer's failure to keep adequate records as required by statute, imprecise evidence on quantum can provide a "sufficient basis" for damages.

Plaintiff did admit his estimation of (45) hours per week was an average, and he admitted he does not have time records. Plaintiff Deposition P31. However, under *Mt. Clemens Pottery Co.* as stated, the burden is on the employer, not employee, to maintain records.

Plaintiff admitted he was paid by check, and he stated the check did not state his correct hours. For example, if Plaintiff worked 42 or 43 it only reflected 40. Plaintiff Deposition P26, P27. Plaintiff came to realize that he was going over by "30 or 15" minutes and they would be adding up to "three or four hours" that he was not being paid for (but was required to sign off on by Willy). Plaintiff Deposition P29, P52. For example, Plaintiff would notice the paper would "show a different time or hours of every time that [he] would stay here overtime like 12 to 1:00 [sic]" with respect to events. Plaintiff Deposition P36-37. Plaintiff explained that clock out time did not "fit"

regarding the set schedule as they could not "abandon [their] shift", and Plaintiff explained he average of approximately (5) hours of unpaid overtime. Plaintiff Deposition P38.

Regardless of Gonzalez' alleged schedule, as set forth above, Plaintiff stated in his deposition that he was not compensated for his overtime work. Plaintiff testified that he would clock out for (30) minutes but did not take a break and Plaintiff would complain about it. Plaintiff Deposition P25, L9-18. Plaintiff claims he came to realize that he was going over by "30 or 15" minutes and they would be adding up to "three or four hours" that he was not being paid for (but was required to sign off on by Willy). Plaintiff Deposition P29, P52. For example, Plaintiff would notice the paper would "show a different time or hours of every time that [he] would stay here overtime like 12 to 1:00 [sic]" with respect to events. Plaintiff Deposition P36-37.

Defendants also argue about meal times and breaks, however, as stated, Plaintiff he worked while clocked out for breaks. This is another example of Defendant seeking summary judgment as to questions of material fact. Under the Fair Labor Standards Act, *bona fide* meal periods are not compensable work time. A *bona fide* meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time. To qualify as *bona fide* meal periods, the employee must be relieved from duty. See, 29 C.F.R. § 785.18; *Bates v. Dept. of Corrections of the State of Kansas*, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19. McNamara, Southerland, Federal Employment Jury Instructions (2011). Plaintiff testified that he would clock out for (30) minutes but did not take a break and Plaintiff would complain about it. Plaintiff Deposition P25, L9-18. The Jury

needs to make a factual determination as to whether Plaintiff was getting the interrupted break times required by law. Also, stand-by time or waiting time is compensable under the FLSA if it is in furtherance of the employer's business objectives. Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case. *Armour & Co. v. Wantock*, 323 U.S. 126 (1944); *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).

As set forth in Plaintiff's Statement of Material Facts, Plaintiff testified that he would clock out for (30) minutes but did not take a break and Plaintiff would complain about it. Plaintiff Deposition P25, L9-18. Such certainly raises a genuine issue of material facts as to whether any time records were accurate and complete under *Anderson v. Mt. Clemens Pottery Co.*

Plaintiff states in his Affidavit that "I explained in my deposition, that Willy (my manager) would require me to sign for my hours, which did not reflect overtime hours I worked. Even though I had to work overtime (for example for events, waiting for the next person to begin their shift, and cashier issues) Willy said overtime was not authorized. The Defendants did not show me the fingerprint records in this case at my deposition. I regularly signed for (40) hours when I worked overtime. Defendants would pay me for (40) hours, even when the fingerprint records reflected overtime hours." Consequently, Plaintiff was not questioned specifically about the fingerprint records (and was not shown them at his deposition), and Defendants have not shown they paid Plaintiff in accordance with accurate and complete time records that would otherwise be compliant under *Anderson v. Mt. Clemens Pottery Co.*

Defendants also claim Plaintiff cannot show Defendant had actual knowledge that Plaintiff was not being compensated for overtime hours. However, issues of knowledge on the part of the employer concern Jury questions. For example, the issue of willfulness is a question of fact for the jury to decide and not appropriate for disposition by the Court. As the Court stated in *Morrison v. Quality Transps. Servs.*, 474 F. Supp. 2d 1303 (S.D. Fla. 2007), "[t]he issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition. *Soto v. Mclean*, 20 F. Supp. 2d 901, 913 (*citing Fowler v. Land Mgmt. Group, Inc.*, 978 F.2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); *see also Pabst v. Oklahoma Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000); *McGuire v. Hillsborough County*, 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129, (M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury question"); *Colon v. Wyeth Pharms. Co.*, 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005).

In another FLSA matter where the defense also sought to challenge the number of hours alleged as the summary judgment phase), this Court has previously held that "the issue of whether a violation of the FLSA is willful is a question for the jury and is not properly decided by the Court in summary judgment." *Reis v. Thierry's Inc.*, 08-20992-CIV-Turnoff, at 9 (S.D. Fla. 2009), *citing McGuire v. Hillsborough County*, 511 F.Supp.2d 1211, 1218 (M.D. Fla. 2007).

In the case at bar *supra*, Plaintiff has provided above examples of willfulness which would concern the statute of limitations, however, "[t]o establish that an employer

was aware that an employee was working unpaid overtime hours, “a court need only inquire whether the circumstances were such that the employer either had knowledge of overtime hours being worked or else had the opportunity through reasonable diligence to acquire knowledge. *Shearer v. Edger Associates Inc.*, 8:14-CV-2689-T-27JSS, 2015 WL 9274928, at *3 (M.D. Fla. 2015). Plaintiff states in Para. 9 of his interrogatory responses the following in part: “on or about the year 2015, I complained to my direct supervisor, Guillermo (Willie) Acosta, about the fact that the other valets and I were required to sign documents that reflected we were only working 40 hours per week when we were actually working in excess of 40 hours per week. We were required to sign these documents reflecting we had worked only 40 hours per week, one week prior to when we received our pay checks. I also complained to Willie, Maria, and Ricardo Antonelli (who worked in accounting) about the fact that I was required to wear a uniform and was not compensated for it, my late hours that I was required to work and the fact that I was not paid for said hours, and the fact that the scheduling disorganized and often I only was told about my hours/changes in the schedule on short-notice. I also complained to Willie, Maria, and Ricardo Antonelli, about the fact that at times when my direct supervisor was absent I was required to perform the additional duty of taking full responsibility for the cash register and I was solely responsible for charging patrons, for which I was not paid additional money.” Such allegations clearly raise a question of material fact as to whether the Defendant either had knowledge of overtime hours being worked or else had the opportunity through reasonable diligence to acquire knowledge.

As stated, Plaintiff alleges he complained to his direct supervisor, Guillermo (Willie) Acosta. Such allegations are questions of fact for the Jury, which needs to

determine whether the supervisor's actions (or inactions) imputed knowledge to the Defendant. *See e.g., Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 804 (11th Cir. 2015).

Defendant claims no other witnesses testified regarding Defendant's knowledge, however, Defendant is inappropriately seeking dispositive relief regarding an issue of credibility, and credibility is subject to a jury determination. Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 255 (1986). Such is why the Eleventh Circuit's Pattern Jury Instructions "3.4 Credibility of Witnesses", inter alia, instructs the jury as follows: "You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter."

Plaintiff has provided testimony that he complained to management. As stated, Plaintiff states in Para. 9 of his interrogatory responses the following in part: "on or about the year 2015, I complained to my direct supervisor, Guillermo (Willie) Acosta, about the fact that the other valets and I were required to sign documents that reflected we were only working 40 hours per week when we were actually working in excess of 40 hours per week. We were required to sign these documents reflecting we had worked only 40 hours per week, one week prior to when we received our pay checks. I also complained to Willie, Maria, and Ricardo Antonelli (who worked in accounting) about the fact that I

was required to wear a uniform and was not compensated for it, my late hours that I was required to work and the fact that I was not paid for said hours, and the fact that the scheduling disorganized and often I only was told about my hours/changes in the schedule on short-notice. I also complained to Willie, Maria, and Ricardo Antonelli, about the fact that at times when my direct supervisor was absent I was required to perform the additional duty of taking full responsibility for the cash register and I was solely responsible for charging patrons, for which I was not paid additional money."

WHEREFORE, THE PLAINTIFF REQUESTS THAT THE COURT DENY DEFENDANTS' MOTION.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
**F.B.N. 0123870**

**BY:_______/s/ K. DAVID KELLY__________________**
**K. DAVID KELLY, ESQ.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING VIA SAME ON 7/14/16 TO:**

**ALL CM/ECF RECIPIENTS**

**JOSE MANUEL CHANFRAU , IV, ESQ.**
**JOSE M. CHANFRAU, IV**
**6691 COLLINS AVENUE**
**MIAMI BEACH, FL 33141**
**PH: 786-621-5205**
**FAX: 786-621-5652**
**EMAIL: JCHANFRAU@JOSECHANFRAUPA.COM**

**BY:__ /s/ K. DAVID KELLY ______________________**
**K. DAVID KELLY, ESQ.**