UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24218-CIV-TORRES

RICARDO MIGUEL NARANJO CAPPELLI,
and all others similarly situated under 29
U.S.C. § 216(b)

    Plaintiff,

v.

MIAMI BEACH HOSPITALITY, LLC,
d/b/a THE DEAUVILLE BEACH RESORT,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court upon Defendant's Motion for Summary Judgment filed on June 28, 2016. [D.E. 28] Plaintiff Ricardo Miguel Naranjo Cappelli ("Plaintiff") timely filed his Response on July 14, 2016 [D.E. 30]. The Motion is now ripe for adjudication. Having reviewed the Motion, Response, Reply, the relevant authorities and the record evidence submitted, we hold that Defendant's Motion should be **GRANTED in part** and **DENIED in part**.

*I. BACKGROUND*

The facts pertaining to this claim are fairly straightforward. Plaintiff Ricardo Cappelli ("Plaintiff") worked as a parking attendant for Miami Beach Hospitality, LLC ("Defendant") at the Deauville Beach Hotel from July 11, 2011 through October 9, 2015. [D.E. 1, ¶ 8]. Plaintiff alleges that during that period, he worked an

average of 45 hours per week but never received overtime compensation required by the Fair Labor Standards Act ("FLSA), 29 U.S.C. §§ 201–219. *Id.*, ¶ 13-14. Plaintiff claims that Defendant forced him to work "off the clock" for approximately 30 minutes every day, seven days a week. [D.E. 29-4, p. 27-28]. He testified that he complained to several supervisors about the lack of overtime compensation, including Guillermo Acosta [*id.*, p. 48, 54], Maria Alvarez [*id.*, p. 55] and Ricardo Antonelli. [*Id.*, p. 59].

During the course of his employment with Defendant, Plaintiff signed a WH-58 Form. [D.E. 29-6]. That form, distributed by the United States Department of Labor's Wage and Hour Division and signed by Plaintiff on February 3, 2014, provides that Plaintiff would receive $188.50 for "payment of wages, liquidated damages, employment benefits, or other compensation due" from Defendant. The payment covered a time period of approximately two years, from April 23, 2011 to April 27, 2013, and included the following language:

> Your acceptance of this payment of wages and/or other compensation due under the Fair Labor Standards Act (FLSA) or Family Medical Leave Act (FMLA), based on the findings of the WHD means that you have given up the right you have to bring suit on your own behalf for the payment of such unpaid minimum wages or unpaid overtime compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under Section 16(b) of the FLSA or Section 107 of the FMLA.

[D.E. 29-6]. Plaintiff acknowledged that he signed the document but claimed he did so without reading it. [D.E. 29-4, p. 45-46]. Plaintiff also testified that he misunderstood the terms included on the WH-58 form and believe it represented payment for a one-week time period. *Id.*, p. 44-45.

Defendant attacks Plaintiff's claim on two separate grounds. First, Defendant argues that summary judgment is appropriate because Plaintiff knowingly signed the WH-58 release, which in turn bars him from bringing suit. [D.E. 28, p. 13]. Second, Defendant claims that Plaintiff failed to meet his burden of proof establishing (1) that he actually performed work in which he was not properly compensated; and (2) that Miami Beach Hospitality was aware that Plaintiff worked overtime hours without compensation. [D.E. 28, p. 14, 16].

## II.  APPLICABLE LAW

### A.  *Summary Judgment Standard*

Federal Rule of Civil Procedure 56(a) provides for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A party that seeks to defeat summary judgment must support its position by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1).  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). In *Celotex*, the Supreme Court explained:

> [T]he Plain language of [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

> existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.* at 322-23. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the rule requires that there be no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A material fact is one that might affect the outcome of the case. *Id.* at 248.

If a moving party establishes the absence of a genuine issue as to any material fact, the burden then shifts to the non-moving party to come forward with specific facts on each essential element of his claim by showing that there is a genuine issue for trial. *Id.* The mere existence of a "scintilla" of evidence in support of the plaintiff's position will be insufficient and there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 252. When considering a motion for summary judgment, it is not part of the court's function to decide issues of material fact, but rather to determine whether such issues exist to be tried. *Id.* at 249. The court must avoid weighing conflicting evidence and making credibility determinations. *Id.* at 255. The evidence must be weighed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in the non-movant's favor. *Id.* Thus, in resolving Defendant's motion, the task is to determine whether there is evidence on which a

4

jury could reasonably find a verdict in Mr. Cappelli's favor. *Id.* at 252; *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

### B. *The Fair Labor Standards Act*

The Fair Labor Standards Act requires that employers pay their employees time and a half for hours worked in excess of a 40-hour workweek. 29 U.S.C. § 207(a)(1). To prove an overtime claim, a plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) Defendants knew or should have known of the overtime work. *Allen v. Board of Public Educ. For Bibb County*, 495 F.3d 1306, 1314-15 (11th Cir. 2007); *Munroe v. PartsBase, Inc.*, 2009 WL 413721 at *2 (S.D. Fla. Feb. 18, 2009).

### III.   ANALYSIS

### A.   *Plaintiff's Signing of the Release*

We find that by signing the WH-58 form, Plaintiff waived his right to sue Defendant for the time period included on the release. The language of the WH-58 form is unambiguous: acceptance of payment under the terms of the release would bar an employee from bringing suit against Defendant for compensation due under the Fair Labor Standards Act. *See Niland v. Delta Recycling Corp.*, 377 F.3d 1244, 1248 (11th Cir. 2004) ("A WH–58 is a standard form used by the [Department of Labor] to inform an employee that, although he has the right to file suit under 29 U.S.C. § 216(b), acceptance of the back wages offered will result in waiver of those rights."). Plaintiff's signature on the document constitutes a complete bar to suit for the relevant time period. *Id.* at 1247-48 (accepting payment from an employer

pursuant to a settlement supervised by the Department of Labor and executing a WH-58 form act as a full waiver of claims for unpaid wages); *Blackwell v. United Drywall Supply*, 362 F.App'x 56 (11th Cir. 2010) (affirming summary judgment based on plaintiffs' signature on WH-58 forms that resulted in complete waiver of claims under FLSA). Accordingly, there is no general issue of material fact concerning Plaintiff's waiver of his rights to pursue damages against Defendant for the time period included on the WH-58 form he signed on February 3, 2014.

Plaintiff argues that the Court should deny summary judgment based on the release because his signature took place in the presence of the owner of the hotel, whom he describes as an "intimidating lady." [DE 29-4, p. 45]. Plaintiff also argues that he never read the release prior to signing it and did not realize that the $188.50 figure represented payment for a two-year period. *Id*. These arguments are not persuasive. At no point in time has Plaintiff sought rescission of the contract as a result of some valid defense to formation, such as duress, mistake of fact, or undue influence. Instead, Plaintiff simply asks that the Court set aside the form because he failed to appreciate the specific terms of the contract, but such an action would be improper for purposes of defeating Defendant's Rule 56 motion. *See Upton v. Tribilcock*, 91 U.S. 45, 50 (1875) ("It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained."); *MCC-Marble Ceramic Center, Inc. v. Ceramica Nuova d'Agostino, S.p.A.*, 144 F.3d 1384, 1387 (11th Cir. 1998) (agreement drafted entirely in Italian did not preclude finding that contract

was valid even though signatory neither spoke nor read Italian); *Silver v. Countrywide Home Loans, Inc.*, 760 F.Supp.2d 1330, 1341 (holding contract at issue was binding on homeowner despite arguments that signatory did not read the contract or understand its terms at the time she signed it).

Defendant, however, asks that the Court grant summary judgment on Plaintiff's *entire* claim as a result of the WH-58 form. [D.E. 28, p. 3, 13]. This we cannot do. The form clearly covers payment for a period that begins on April 23, 2011 and continues through April 27, 2013, yet Plaintiff's Complaint seeks unpaid overtime up to and through October 9, 2015 (the date his employment with Defendant ended). [D.E. 1, ¶ 8]. The release does not cover this later timeframe, and we find that genuine issues of fact preclude entry of summary judgment for the entirety of Plaintiff's claim. *See Dent v. Cox Communications Las Vegas, Inc.*, 502 F.3d 1141 (9th Cir. 2007) (holding that an employee does not waive his right to seek unpaid wages which fall outside the particular period articulated in the WH-58 receipt). Accordingly, Defendant's Motion for Summary Judgment is granted as to Plaintiff's claim for overtime compensation beginning April 23, 2011 and continuing through April 27, 2013, but denied as to any compensation purportedly owed from April 28, 2013 through October 9, 2015.[1]

---

[1] Plaintiff's Complaint seeks damages for a period beginning on July 1, 2011 through October 9, 2015 [D.E. 1, ¶¶ 8, 13]. The period pre-dating Plaintiff's signing of the WH-58 form would be time-barred under 29 U.S.C. § 255. Plaintiff's Response seemingly concedes this point and asks the undersigned to find that "[a claim for] the relevant period in this case (4/28/13 – 10/9/15) would still be viable," which we do.

### B.     *<u>Plaintiff's Evidentiary Burden</u>*

Defendant's next arguments pertain to Plaintiff's evidentiary burden and whether Miami Beach Hospitality was on notice about its alleged failure to pay overtime compensation. We address each argument in turn.

### *1.     Plaintiff's Proof of Uncompensated Overtime*

Summary judgment is appropriate when "the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial." *Navarro v. Broney Automotive Repairs, Inc.*, 533 F.Supp.2d 1223, 1225 (S.D. Fla. 2008) (citing *Celotex*, 477 U.S. at 323). According to the Supreme Court:

> An employee who brings suit under [the FLSA] has the burden of proving that he performed work for which he was not properly compensated…it is the employer who has the duty under…the Act to keep proper record of wages, hours and other conditions and practices of employment…But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes…an employee has carried out his burden if he proved that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.

*Anderson v. Mr. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946). Here, we find that factual questions exist with regard to Defendant's accurate record keeping of Plaintiff's hours. Specifically, Plaintiff alleges that Defendant told him to "clock out" for at least 30 minutes per day but required him to continue working during this half-hour period. [D.E. 29-4, p. 27]. Although Defendant argues that the company

8

kept adequate records to document the hours worked by its employees,[2] Plaintiff deposition and affidavit testimony could support a "reasonable inference" that Defendant failed to pay overtime compensation for "off the clock" work performed by Plaintiff. [*Id.*; D.E. 31-2, ¶ 4]. This creates an issue of fact sufficient to defeat summary judgment.

### 2.  *Defendant's Knowledge of Plaintiff's Uncompensated Overtime*

Additionally, genuine issues of material fact exist with regard to Defendant's knowledge of Plaintiff's uncompensated overtime hours. Defendant argues that no evidence exists to show that the company was aware Plaintiff worked in excess of 40 hours per week, relying upon testimony elicited from Plaintiff's alleged supervisor, Andy Fernandez. During his deposition, Mr. Fernandez claimed that he did not remember Plaintiff ever complaining about his wages or rate of pay. [D.E. 29-3, p. 22]. Plaintiff, however, testified that he verbally complained to at least three people affiliated with Miami Beach Hospitality about his lack of overtime compensation: Guillermo Acosta [D.E. 29-4, p. 48, 54], Maria Alvarez [*id.*, p. 55] and Ricardo Antonelli. [*Id.*, p. 59]. This conflicting testimony is sufficient to survive Defendant's motion, as it demonstrates a genuine issue of material fact pertaining to the issue of notice.[3] Accordingly, Plaintiff has met his evidentiary burden for purposes of Rule

---

[2]   Defendant produced evidence demonstrating that all employees were required to submit fingerprints and a unique PIN identification number to clock in and out during work hours. [D.E. 28, p. 14].

[3]   While the undersigned considered the Department of Labor's WH-58 form in granting partial summary judgment in favor of Defendant, we cannot at the same time ignore the presumption raised concerning the need for the use of such a form in the first place. What is good for the goose must also be good for the gander:

56, and summary judgment on these grounds is denied. *See Hairston v. Gainesville Sun Publ'g Co.,* 9 F.3d 913, 919 (11th Cir. 1993); *Gary v. Modena,* 2006 WL 3741364, at *16 (11th Cir. Dec. 21, 2006) (Rule 56 precludes summary judgment where court would be required to reconcile conflicting testimony or assess witness credibility); *Rodriguez v. Target Corp.*, 2014 WL 4954252 at *3 (S.D. Fla. Oct. 2, 2014) ("[S]ummary judgment is inappropriate where the Court would be required to weigh conflicting renditions of material facts.").

## IV.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part.** Summary judgment is **GRANTED** in favor of Defendant with regard to Plaintiff's claim for unpaid overtime compensation for the period beginning April 23, 2011 and lasting until April 27, 2013. Defendant's Motion is **DENIED** for Plaintiff's claim for unpaid overtime for the time period beginning on April 28, 2013 and continuing until October 9, 2015.

**DONE AND ORDERED** in Chambers at Miami, Florida this 10th day of January, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

here, the form certainly provides circumstantial support that Defendant may have been operating outside the confines of the FLSA at some point during Plaintiff's employment, which in and of itself could support denial of Defendant's motion under Rule 56.

10